HONORABLE RICHARD A. JONES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DIANA WALLACE,

          Plaintiff,

      v.

UNIVERSAL FIDELITY LP,

          Defendant.

CASE NO. C13-437RAJ

ORDER

This matter comes before the court on Defendant's motion for an exception to the court's rules regarding pro hac vice admission. For the reasons stated herein, the court DENIES the motion. Dkt. # 15.

Defendant Universal Fidelity LP has counsel. The attorney it chose is a member of the bar of this District. He maintains an office in Portland, Oregon and no office in Washington. Defendant asks the court to grant pro hac vice admission to another attorney, who is not a member of the bar of this District and whose office in Chicago.

This District requires an attorney who wishes to appear pro hac vice to associate with local counsel. Local Rules W.D. Wash. LCR 83.1(d)(1). Local counsel must not only be a member of the bar of this District, local counsel must "have a physical office within the geographic boundaries of the Western District of Washington . . . ." LCR 83.1(d)(2).

Defendant requests that the court make an exception to the District's local rules to permit its Portland attorney to act as local counsel for its Chicago attorney.

ORDER – 1

The court declines to grant pro hac vice admission.  The local rules do not grant individual judges the discretion to make exceptions to the pro hac vice requirements.  Defendant does not suggest otherwise, and does not cite other authority granting the court discretion to make exceptions.  The District's pro hac vice rules reflect a policy decision of its judges (after a rulemaking process that involves collaboration with committees comprised of attorneys and comment from members of the District's bar) to require local counsel to maintain an office within the District.  This court does not purport to speak for all of the District's judges, but there are sound reasons for that policy decision.  "Local" attorneys can appear in court quickly if necessary.  Because local attorneys are more likely to appear primarily before the judges of this District, they are more likely to conform not only to this District's rules, but to the culture of civility and professionalism that it strives to cultivate in the members of its bar.

The rules are not perfect; few are.  The court has no reason to suspect that Defendant's Portland counsel would not make exemplary local counsel, and no reason to suspect that he and Chicago counsel would not meet or exceed the District's expectations for the attorneys who appear before it.  Nonetheless, the District has drawn a line, a line that in this case follows the Columbia River.  Portland counsel, whose office is just a few miles to the south, feels an exception is warranted in his case.  But what about an attorney in Eugene?  Medford?  San Francisco?  In this court's view, changes to the District's pro hac vice requirements are best addressed through the rulemaking process rather than case-by-case requests for exceptions.

Dated this 28rd day of May, 2013.

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 2