**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (*Pro Hac Vice*)
ak@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DIANA WALLACE; INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSAL FIDELITY, LP,<br><br>Defendant. | Case No.: 13-CV-00437-RAJ<br><br>**JOINT RESPONSE TO ORDER FOR BRIEFING RE JOINT MOTION TO DISMISS THE ACTION WITH PREJUDICE AS TO PLAINTIFF AND WITHOUT PREJUDICE AS TO THE PUTATIVE CLASS MEMBERS**<br><br>**HON. JAMES L. ROBART** |

///

**JOINT RESPONSE TO ORDER FOR BRIEFING RE JOINT MOTION TO DISMISS THE ACTION WITH PREJUDICE AS TO PLAINTIFF AND WITHOUT PREJUDICE AS TO THE PUTATIVE CLASS MEMBERS**

## I. INTRODUCTION

On March 11, 2013, Plaintiff DIANA WALLACE ("Plaintiff") filed a putative Class Action Complaint against Defendant UNIVERSITY FIDELITY, LP ("Defendant") alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). Thereafter, on August 16, 2013 the parties notified the court that they had settled the case in its entirety (*see* Dkt. No. 25). On September 17, 2013, the parties filed a joint motion to dismiss Ms. Wallace's individual claims with prejudice and the class claims without prejudice (*see* Dkt. No. 27). Thereafter, the Honorable James L. Robart issued an Order Deferring Ruling on the Joint Motion Pending Receipt of Additional Materials from the Parties, which is the subject of the current response (*see* Dkt. No. 28).

## II. ARGUMENT

Given the terms of the Joint Dismissal and the early stage of litigation, the parties believe that (A) the absent class members are not prejudiced by the proposed settlement and dismissal and (B) the notice and approval requirements of Federal Rule of Civil Procedure 23(e) are inapplicable to the proposed settlement and dismissal of this putative class action.

### A. THE ABSENT CLASS MEMBERS ARE NOT PREJUDICED BY THE PROPOSED SETTLEMENT AND DISMISSAL.

On September 17, 2013, the parties filed a Joint Motion to Dismiss the Action as to Plaintiff with prejudice, but as to the absent class members without prejudice (*see* Dkt. No. 27). As discussed in *Diaz v. Trust Territory of Pacific Islands*, 876 F.2d 1401 (9th Cir. 1989), the United States Supreme Court held in 1974 that "the filing of a class action tolls the statute of limitations on all individual claims covered by the class action." *Diaz*, 876 F.2d at 1407 quoting *American Pipe and Construction Co. v. Utah*, 414 U.S. 538, 38 L. Ed. 2d 713, 94 S. Ct. 756 (1974). In *Am. Pipe & Constr. Co.*, the State of Utah filed suit against

American Pipe & Construction Co. ("American Pipe") alleging that American Pipe "conspired to rig prices in the sale of concrete and steel pipe in violation § 1 of the Sherman Act. *Am. Pipe & Constr. Co.*, 414 U.S. at 540. The State of Utah's lawsuit:

> purported to be a class action in which the State [of Utah] represented 'public bodies and agencies of the state and local government in the State of Utah who are end users of pipe acquired from the defendants' and also those States in the 'Western Area' which had not previously filed similar suits.

*Id*. at 541.

In response to the State of Utah's Class Action Complaint, American Pipe argued that the statute of limitations had run after the State of Utah prosecuted a similar claim for criminal violations of § 1 of the Sherman Act. *Id*. American Pipe's affirmative defense was denied based upon 15 U.S.C. § 16(b), which tolls the running of the statute of limitations for every private right of action related to a civil or criminal proceeding instituted by the United States. *Id*. at 541-42.

Thereafter, the respondents "consisting of more than 60 towns, municipalities, and water districts in the State of Utah, all of which had been claimed as members of the original class, filed motions to intervene as plaintiffs." *Id*. at 543-44. The District Court denied said Motions, "concluding that the limitations period imposed by § 4B of the Clayton Act, as tolled by § 5(b), had run as to the respondents and had not been tolled by the institution of the class action in their behalf." *Id*. at 544. Subsequently, the Ninth Circuit affirmed the District Court's denial of leave to intervene as of right but reversed as to denial of permission to intervene, the United States Supreme Court granted certiorari. *Id*. at 545.

Following consideration of F.R.C.P. 23's policy, the United States Supreme Court held:

> the rule most consistent with federal class action procedure must be that the commencement of a class

>action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class.

*Id*. at 554.

*Am. Pipe & Constr. Co.* stated that interpreting F.R.C.P. 23 in this manner was "necessary to insure the effectuation of the purpose of litigative efficiency and economy that the Rule win its present form as designed to serve." *Id*. at 556. Specifically, *Am. Pipe & Constr. Co.* stated that a rule to the contrary would frustrate the purpose of F.R.C.P. 23 because:

>then the sole means by which members of the class could assure their participation in the judgment if notice of the class did not reach them until after the running of the limitation period would be to file earlier individual motions to join or intervene as parties.

*Id*. at 551.

The multiplication of activity that would be caused by these individual motions is precisely the activity that "F.R.C.P. 23 was designed to avoid in those cases where a class action is found 'superior to other available methods for the fair and efficient adjudication of the controversy.'" *Id*.

Here, the absent class members were dismissed <u>without prejudice</u>[1] prior to this action being certified as a class. Indeed, Plaintiff has not even filed a motion for class certification in this action to date. This fact, in conjunction with the United States Supreme Court holding that the commencement of a class action suspends the applicable statute of limitations for putative class members, precludes any prejudice to the absent class members. Therefore, the parties' settlement and dismissal without prejudice as to the absent class members will not prejudice the absent class members.

///

---

[1] *See* Dkt. No. 24.

**JOINT RESPONSE TO ORDER FOR BRIEFING RE JOINT MOTION TO DISMISS THE ACTION WITH PREJUDICE AS TO PLAINTIFFS AND WITHOUT PREJUDICE AS TO THE PUTATIVE CLASS MEMBERS**
PAGE 3 OF 8

## B. THE NOTICE AND APPROVAL REQUIREMENTS OF FEDERAL RULE OF CIVIL PROCEDURE 23(E) ARE INAPPLICABLE TO THE PARTIES' SETTLEMENT AND DISMISSAL OF THIS PUTATIVE CLASS ACTION.

Federal Rule of Civil Procedure 23(e) states "[t]he claims, issues or defenses of a **certified** class may be settled, voluntarily dismissed, or compromised only with the court's approval." (emphasis added). Notably, F.R.C.P. 23(e)(1)(A) was specifically amended in 2003 to "resolve[] the ambiguity in former Rule 23(e)'s references to dismissal or compromise of 'a class action.'" See *Note to Subdivision (e)*. The Legislature determined that the language of former F.R.C.P. 23(e) "could be – and at times was – read to require court approval of settlements with putative class representatives that resolved only individual claims." *Id*.

Prior to this amendment, "there existed a split in authority concerning whether Federal Rule 23(e) applied prior to class certification." *Moody v. Sears Roebuck & Co.*, 191 N.C. App. 256, 264 (2008). Based upon the former language of Rule 23(e), some federal circuits considering the issue held that former Federal Rule 23(e) did apply both pre-certification and post-certification. *See Diaz v. Trust Territory of Pacific Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989). *Id*.[2] But *Moody* held that a "class action only exists after a class has been certified, and therefore former Federal Rule 23(e) only applied post-certification." *Id*. at 265.

Since Rule 23(e) was amended, District Courts have consistently ruled that the notice requirements of F.R.C.P. 23(e) do not apply pre-certification. For example, the Honorable Barbara A. McAuliffe of the United States District Court, Eastern District of California held in *Annalisa Lewis, Michelle Catbagan,*

---

[2] *See also Culver v. City of Milwaukee*, 277 F.3d 908 (7th Cir. 2002) (considering the former version of Rule 23(e); *Doe v. Lexington-Fayette Urban County Government*, 407 F.3d 755 (6th Cir. 2005) (also considering the former version of Rule 23(e)).

**JOINT RESPONSE TO ORDER FOR BRIEFING RE JOINT MOTION TO DISMISS THE ACTION WITH PREJUDICE AS TO PLAINTIFFS AND WITHOUT PREJUDICE AS TO THE PUTATIVE CLASS MEMBERS**
PAGE 4 OF 8

KAZEROUNI LAW GROUP, APC
Costa Mesa, CA 92626

*individually and on behalf of all others similarly situated v. Vision Value, LLC,* 2012 U.S. Dist. LEXIS 99854, docket no.: 1:11-cv-01055-LJO-BAM ruled that "[w]here no class has been certified…the requirements of Rule 23(e) do not apply to the Joint Motion to Dismiss the Class without prejudice." *Lewis* at *7 quoting F.R.C.P. 23(e), adv. Comm. Notes, 2003 amdts. ("The new rule requires approval only if the claims, issues, or defenses of a certified class are resolved by a settlement…").  A copy of this Order is attached as Exhibit "A."

Also, the Honorable Irma E. Gonzalez's Order in *Kara Hardman, on behalf of herself and all others similarly situated v. Tri-Financial, LLC,* case no.: 09-cv-0081 IEG (AJB), ruled that "…voluntary dismissal of class claims at this early stage of the proceedings will not result in any prejudice to the putative class members.  Accordingly, the Court GRANTS the motion and DISMISSES WITHOUT PREJUDICE the class claims in this action."  A copy of this Order is attached as Exhibit "B."

In so ruling, Judge Gonzalez considered the *Diaz* factors of "possible prejudice from (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances; (2) lack of adequate time for class members to file other actions, because of rapidly approaching statute of limitations; and, (3) any settlement or concession of class interests made by the class representative or class counsel in order to further their own interests." *Hardman* at *3.  Applying these factors, Judge Gonzalez found no prejudice to the absent class members.  For the same reasons that Judge Gonzalez found no prejudice in *Hardman*, there is no prejudice to the absent class members here.

1. ***It is highly unlikely that there has been any reliance by putative class members on the filing of this class action to vindicate their rights.***

First, in considering whether notice to putative class members was required for voluntary dismissal of pre-certified class claims, *Diaz* examined "class

members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances." *Diaz*, 876 F.2d at 1408. "There has been much comment that this is a very rare circumstance – that most class-action filings do not receive the kind of public attention that could realistically lead to any reliance." Minutes of Advisory Committee on Civil Rule 16-17 (Jan. 22-23, 2002).[3]

Here, the fact that the dismissal occurs at a very early stage, coupled with the absence of previous notice to any class members of the action or any indication that the class members are likely to know of this class action because of publicity or other circumstances, eliminate concerns over possible prejudice to the putative class members. *Gassie v. SMH Ltd.,* No. 97-1786, 1997 U.S. Dist. LEXIS 13867, at *7 (E.D. La. Sept. 9, 1997). There is little reason to believe that individuals who received similar collection letters from Defendant are even aware of the litigation. [Declaration of Abbas Kazerounian, page 2, ¶ 3].

### 2. *Putative class members' claims will not be prejudiced by lack of adequate time to file other actions due to the tolling of said claims.*

Second, in considering whether notice to putative class members was required for voluntary dismissal of pre-certified class claims, *Diaz* examined whether there would be a lack of adequate time for class members to file other actions, because of rapidly approaching statute of limitations. *Diaz*, 876 F.2d at 1408.

Here, the absent class members would not be prejudiced by voluntary dismissal without prejudice of the absent class members' claims because: (a) the filing of an alleged class action tolls the statute for the claims of the absent class members during the pendency of the suit; and, (b) the FDCPA provides for a one-

---

[3] *See* http://www.uscourts.gov/rules/Minutes/CRAC0102.pdf

**JOINT RESPONSE TO ORDER FOR BRIEFING RE JOINT MOTION TO DISMISS THE ACTION WITH PREJUDICE AS TO PLAINTIFFS AND WITHOUT PREJUDICE AS TO THE PUTATIVE CLASS MEMBERS**
PAGE 6 OF 8

KAZEROUNI LAW GROUP, APC
Costa Mesa, CA 92626

year statute of limitations, thus, leaving ample time for unnamed class members to file other actions. [Declaration of Abbas Kazerounian, page 2, ¶ 4].

As discussed above, the filing of an alleged class action generally tolls the statute for the claims of putative class members during the pendency of the suit. See *Am. Pipe & Contr. Co.*, 414 U.S. 538 (1975). The statutes of limitations will resume running when Plaintiffs' class claims are dismissed. *See Tosti v. City of Los Angeles*, 754 F. 2d 1485, 1488 (9th Cir. 1985) (statute of limitations resumed running on plaintiff's section 1983 claims after class certification denied). Consequently, putative class members will not suffer prejudice, as following dismissal the putative class members will be in the same position they would have been had the case not been filed, rendering notice unnecessary. See *Bantolina* 75 F.R.D. at 32 ("The tolling of the statute of limitations eliminates the danger of prejudice to the unnamed members of the class."). Based on both the tolling of the statute of limitations as to the class which occurred by virtue of the filing of Plaintiff's Complaint, as well as the fact that the FDCPA provides for a one-year statute of limitations, there is ample time for absent class members to commence a new action should the absent class members so choose.

### 3. *There has been no concession, impairment or prejudice to the class' claims.*

Third, in considering whether notice to putative class members was required for voluntary dismissal of pre-certified class claims, *Diaz* examined whether there would be any prejudice due to any settlement or concession made by the class representative. *Diaz*, 876 F.2d at 1408.

Here, there will be no compromise of the class' claims because the requested dismissal of the class claims is without prejudice. Thus, the class members will not be bound in any way. *See, e.g., Castro*, 2007 WL 81905 at *2 (the dismissal of the putative class claims without prejudice will not affect the

KAZEROUNI LAW GROUP, APC
Costa Mesa, CA 92626

rights of the putative class members such that notice is necessary). Furthermore, there has been no collusion between the parties, nor has there been any concessions made by Plaintiffs or Plaintiffs' counsel with respect to the Class' claims. [Declaration of Abbas Kazerounian, page 2, ¶ 5].

## III.  CONCLUSION

Based upon the discussion above, this Court should dismiss the putative class claims without prejudice because Plaintiffs have complied with both F.R.C.P. 23(e) and the *Diaz* factors.

Dated: September 25, 2013                     Respectfully submitted,

                                                                                    **Kazerouni Law Group, APC**

                                                                                    By:   /s/ *Abbas Kazerounian*
                                                                                            ABBAS KAZEROUNIAN, ESQ.
                                                                                            ATTORNEY FOR PLAINTIFF

Dated: September 25, 2013                     Respectfully submitted,

                                                                                     **HINSHAW & CULBERTSON**

                                                                                      By:   /s/ *David. J. Elkanich*
                                                                                          DAVID J. ELKANICH, ESQ.
                                                                                          ATTORNEY FOR DEFENDANT

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to David J. Elkanich, counsel for Defendant, and that I have obtained Mr. Elkanich's authorization to affix his electronic signatures to this document.

**KAZEROUNI LAW GROUP, APC**

Dated: September 25, 2013 By: /s/ Abbas Kazerounian, Esq.