UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DIANA WALLACE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNIVERSAL FIDELITY LP, <br><br> Defendant. | CASE NO. C13-0437JLR <br><br> ORDER GRANTING JOINT MOTION TO DISMISS |

Before the court is the parties' joint motion to dismiss the action with prejudice as to Plaintiff Diana Wallace's individual claims and without prejudice as to the class claims. (Mot. (Dkt. # 27).) On September 18, 2013, the court issued an order directing the parties to provide additional briefing or other materials concerning the factors listed in *Diaz v. Trust Territory of Pacific Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989), that the court should consider with respect to settlements executed before class certification. (9/18/13 Order (Dkt. # 28).) The parties have submitted a joint response to the court's order (Joint Resp. (Dkt. # 29)), and the court now considers their joint motion to dismiss.

ORDER- 1

Under *Diaz*, to determine whether pre-certification settlement or dismissal is appropriate, the court must consider possible prejudice from: "(1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests." *Diaz*, 876 F.2d at 1408; *see also Houston v. Cintas Corp.*, No. C05-3145 JSW, 2009 WL 921627, at *1 (N.D. Cal. Apr. 3, 2009) (applying *Diaz* factors).

Based on the court's review of the parties' joint submission, the court concludes that the *Diaz* factors pose no hurdle to dismissal of this action. There is little reason to believe that putative class members are even aware of this litigation due to the very early stage at which it has been settled, the absence of previous notice to putative class members, and the lack of any indication of widespread publicity regarding the lawsuit. (*See* Joint Resp. at 6; Kazerounian Decl. (Dkt. # 29-1) ¶ 3.) Further, there is little concern about prejudice to putative class members because they have been dismissed without prejudice and the one-year statute of limitations under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(d), was tolled during the pendency of the lawsuit. (Joint Resp. at 6-7; Kazerounian Decl. ¶ 4.) Finally, there is no evidence of collusion between the parties, nor has there been any compromise of the class's claims because the class will not be bound by the settlement. (Joint Resp. at 7; Kazerounian Decl. ¶ 5.)

The court, therefore, GRANTS the parties' joint motion to dismiss this action. In accord with the parties' joint motion, the court DISMISSES Ms. Wallace's individual claims with prejudice and DISMISSES the class claims without prejudice. Each party shall bear their own costs and fees with respect to this action.

Dated this 28th day of September, 2013.

JAMES L. ROBART
United States District Judge

ORDER- 3